UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 4:10CV01951 AGF |
| PW SHOE LOFTS, LP, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff State Auto Property and Casualty Insurance Company's ("State Auto") Motion to Quash and for a Protective Order (Doc. 17). On May 19, 2011, PW Shoe Lofts, LP ("PW Shoe") filed an Amended Notice of Deposition, noticing the deposition of State Auto's consulting expert, Irving Oppenheim for June 2-3, 2011. (Doc. 17-1.) State Auto now seeks a protective order quashing the deposition of Mr. Oppenheim.

**Background**

On September 9, 2009, PW Shoe submitted a claim of loss under its State Auto Builder's Risk Policy. On November 24, 2009, Sherri King, the State Auto claims representative assigned to PW Shoe's claim of loss, verbally retained Irving Oppenheim "to investigate PW Shoe Lofts, LP's building and render his opinions regarding the amount of damage, the cause(s) of the damage, and any design and construction conditions created by other entities that may have caused or contributed to the damage."

(Doc. 22-1 at ¶ 4.)  According to her affidavit, Ms. King retained Mr. Oppenheim "in anticipation of litigation," because she had been aware of the potential of litigation related to PW Shoe's claim since September 9, 2009, "based on communications made to [her] by the various entities who were involved in the construction process and their representatives."  (Doc. 22-1 at ¶ 3.)

On December 2, 2009, Mr. Oppenheim conducted a one-day examination of the damage conditions claimed by PW Shoe.  (Doc. 19-1 at 1.)  On May 6, 2010, Mr. Oppenheim submitted a report detailing his December 2, 2009 examination to Ms. King.  *Id.*  In his report, Mr. Oppenheim provided a general description of the original structure at issue and an overview of PW Shoe's construction project and the damage conditions.  *Id.* at 1-8.  He also discussed the conditions he believed caused or contributed to the damage, and identified which entities were responsible for these conditions.  *Id.* at 8-12.

State Auto filed the present case with this Court on October 18, 2010, and the pleadings do not allege that State Auto issued a denial of coverage prior to that date.  On May 19, 2011, PW Shoe filed an Amended Notice of Deposition, noticing the deposition of Mr. Oppenheim for June 2-3, 2011.  (Doc. 17-1.)

**Analysis**

Federal Rule of Civil Procedure 26(b)(4)(D) prohibits the deposition of "an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial."  The Advisory Committee Note to Rule 26(b) points out that many non-testifying experts acquire information not in preparation for trial, "but rather because [they were] an actor

or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit." In such cases, the Advisory Committee Notes direct the Court to treat the non-testifying expert as an ordinary witness. *Id.* Accordingly, where non-testifying witnesses wear both hats, the expert may be considered a normal fact witness before the expert has been retained, and then may become a non-testifying expert witness after the expert is formally retained as a non-testifying expert witness.

State Auto argues that Rule 26(b)(4)(D) precludes Mr. Oppenheim's deposition because he was engaged by State Auto as a non-testifying expert, in anticipation of litigation, to provide expert opinions regarding the cause of the subject loss and other matters. (Doc. 18 at 3.) PW Shoe contends that Mr. Oppenheim was merely retained by State Auto as a consultant to assist it in adjusting the loss sustained by PW Shoe, and argues that there is no evidence that Mr. Oppenheim was engaged in anticipation of litigation. Additionally, PW Shoe states that it is not interested in the opinions that Mr. Oppenheim may have developed since State Auto filed suit, but argues that it is entitled to any opinions or information he may have obtained prior to State Auto engaging him as an expert.

The Court must apply federal law to work product claims. *See Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1053 (8th Cir. 2000). "In order to protect work product, the party seeking protection must show the materials were prepared in anticipation of litigation, i.e., because of the prospect of litigation." *PepsiCo, Inc. v. Baird, Kurtz & Dobson LLP*, 305 F.3d 813, 817 (8th Cir. 2002) (reversing in part and concluding that quality control assessments prepared for bottler by its internal auditor after bottler

3

retained auditor to assist in litigation of soft drink manufacturer's action to terminate bottling agreement, were protected by work product privilege; however, also affirming holding that similar assessment prepared prior to the commencement of litigation were discoverable) (citing *Binks Mfg. Co. v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109, 1118-19 (7th Cir.1983)). *See also* Fed.R.Civ.P. 26(b)(3)(A) & 4(B). If work product exists, it is not discoverable unless the party seeking discovery has a substantial need for the materials and cannot obtain the substantial equivalent through other means. *Id.*

Courts within this District have noted that "[a]n insurer's decision to decline coverage is typically the point at which the ordinary course of business ends and the anticipation of litigation begins." *Scottrade, Inc. v. The St. Paul Mercury Ins. Co.*, No. 4:09CV01885 SNLJ, 2011 WL 572455, *5 (E.D. Mo. Feb. 15, 2011) (internal quotations omitted). *See also Folk v. State Farm Mut. Auto. Ins. Co.*, No. 4:10CV00574 HEA, 2010 WL 3620477, at *2 (E.D. Mo. Sept. 9, 2010). However, in the present case, Ms. King has sworn under oath that she was aware of the potential of litigation related to PW Shoe's claim at the time it was filed, "based on communications made to [her] by the various entities who were involved in the construction process and their representatives." (Doc. 22-1 at ¶ 3.) Accordingly, she verbally retained Mr. Oppenheim on November 24, 2009, in anticipation of litigation, "to investigate PW Shoe Lofts, LP's building and render his opinions regarding the amount of damage, the cause(s) of the damage, and any design and construction conditions created by other entities that may have caused or contributed to the damage." (Doc. 22-1 at ¶ 4.) Mr. Oppenheim's subsequent report

addressed the issue of whether any design or construction conditions created by other entities may have caused or contributed to the damage. (Doc. 19-1 at 8-12.)

The Court finds that State Auto has met its burden to show that Mr. Oppenheim was originally retained in anticipation of litigation, rather than in the course of determining whether State Auto's Builder's Risk Policy provided coverage for PW Shoe's claim. The Court further finds that PW Shoe has failed to make a showing that it has a substantial need for the information Mr. Oppenheim may posses, the substantial equivalent of which it cannot obtain through other means. *See* Fed.R.Civ.P. 26(b)(3)(A)(ii). Therefore, the Court finds that PW Shoe is not entitled to discovery of documents and opinions prepared or expressed by Mr. Oppenheim, unless and until State Auto designates Mr. Oppenheim as a testifying expert witness.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff State Auto Property and Casualty Insurance Company's Motion to Quash and for a Protective Order (Doc. 17) is **GRANTED** with respect to the deposition of Irving Oppenheim.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of June, 2011.