UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| STATE AUTO PROPERTY AND | ) | |
|---|---|---|
| CASUALTY INSURANCE CO., | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV001951 AGF |
| | ) | |
| PW SHOE LOFTS, LP, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This declaratory judgment matter is before the Court on Defendant PW Shoe Lofts, LP's ("PW Shoe") Motion to Dismiss, or in the Alternative to Stay (Doc. 8). Plaintiff State Auto Property and Casualty Insurance Co. ("State Auto") opposes the motion. For the reasons set forth below, the Court will grant PW Shoe's motion.

## Background

The two cases at issue arise out of the same set of facts. State Auto issued and renewed a builder's risk policy covering a construction project undertaken by PW Shoe, the owner of the project, and HBD Construction, Inc., the contractor. The policy was in effect from May 8, 2008 through May 8, 2010, and during the summer of 2009, the architect on the project began observing anomalies in the flooring system of the project. (Doc 8-7.)

The actions relevant to the present motion began on October 15, 2009, when PW Shoe's insurance broker notified State Auto that PW Shoe had a potential claim under the policy. (Doc. 8-9.) State Auto sent two retained experts to the project to analyze the

problem in October 2009 and December 2009, respectively. (Doc. 8 at 3-4, 8-10.) In June 2010, the parties participated in a voluntary mediation, during which PW Shoe alleges State Auto "made a decision to sneak out . . . before PW Shoe was able to make its presentation to State Auto under [the] Builder's Risk Policy." (Doc. 8 at 6, 8-12 at 1.) On July 12, 2010, State Auto sent PW Shoe a Proof of Loss, which State Auto required PW Shoe to complete within 60 days. (Doc. 8-12 at 2.) On July 13, 2010, State Auto notified PW Shoe of its request for the examination under oath of PW Shoe's representative on July 22, 2010, as well as its request for the production of certain documents and records five days before that examination. (Doc. 8-12 at 3-7.)

PW Shoe submitted to the examination under oath on July 22, 2010. (Doc. 8-12 at 23.) It also submitted its Proof of Loss to State Auto on August 27, 2010. (Doc. 8-12 at 22-35.) Subsequently, State Auto sent an undated letter to PW Shoe rejecting PW Shoe's Proof of Loss because it was allegedly incomplete. (Doc. 8-12 at 36.) PW Shoe claims that it was not aware of this letter until September 24, 2010, and it addressed the requests set out in that letter on September 27, 2010. (Doc. 8-12 at 37-45.)

On October 4, 2010, and again on October 5, 2010, PW Shoe contacted State Auto by phone and email, asking for State Auto's decision on the loss by the close of business on October 6, 2010. (Doc. 8-12 at 46-47.) On October 12, 2010, State Auto notified PW Shoe that its investigation surrounding the loss was continuing. (Doc. 8-12 at 49-50.) On October 13, 2010, PW Shoe responded to State Auto with a letter, and noted that "PW Shoe must respectfully request (and insist) that State Auto make a final determination on this Loss by the close of business on October 18, 2010, or PW Shoe will be left with no

other alternative but to pursue other less amiable means of resolution." (Doc. 8-12 at 51-56.)

On October 18, 2010, State Auto filed the present suit in this Court seeking declaratory judgment against PW Shoe regarding coverage under a builder's risk insurance policy issued by State Auto to PW Shoe (Doc. 1.) PW Shoe subsequently filed a petition for declaratory judgment and damages against State Auto, among other defendants, on October 25, 2010, in the Circuit Court of St. Louis City, Missouri, also seeking a declaration of whether coverage existed under the builders' risk policy. State Auto removed that case to federal court on December 1, 2010, and this Court remanded the case back to the Circuit Court of St. Louis City on June 7, 2011. *See PW Shoe Lofts, LP v. State Auto Property and Casualty Ins. Co.*, 4:10CV02241 AGF (E.D. Mo. Dec. 1, 2010).

## **Legal Standard**

The well-established rule in cases of concurrent jurisdiction is that "'the court in which jurisdiction first attaches has priority to consider the case.'" *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir. 1993) (quoting *Orthman v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985)). The first-filed rule "'is not intended to be rigid, mechanical, or inflexible, but is to be applied in a manner best serving the interests of justice. The prevailing standard is that the first-filed rule should apply in the absence of compelling circumstances.'" *Id.*

Compelling circumstances are generally those that tend to show that the first-filing party either "acted in bad faith [or] raced to the courthouse to preempt a suit by [the other party]." *Id.* at 1007. Compelling circumstances may also exist when the first-filed action

is one for declaratory judgment, because a declaratory judgment "may be more indicative of a preemptory strike than a suit for damages or equitable relief." *Id.*

### Discussion

PW Shoe argues that, while the present action was filed before PW Shoe's state court action, the Court should dismiss the present action because there are compelling circumstances to avoid the "first-filed" rule.

The Court finds that compelling circumstances are present in this case, requiring dismissal of the first-filed action. The first "red flag" has been raised, because this action was filed after PW Shoe gave notice of its intention to sue. *Anheuser-Busch, Inc. v. Supreme Intern. Corp.*, 167 F.3d 417, 419 (8th Cir. 1999) (citing *Northwest Airlines*, 989 F.2d at 1007) (refusing to apply the first-filed rule when Plaintiff filed its "first" suit for declaratory action "a mere three days" after the deadline by which Defendant had warned it would take legal action). State Auto filed its complaint on October 18, 2010 at 10:35 a.m. after receiving notice in PW Shoe's October 13, 2010 letter that PW Shoe would "be left with no other alternative but to pursue other less amiable means of resolution" if State Auto did not make a final determination on the loss by the close of business on October 18, 2010. (Doc. 8-12 at 51-56.) At no time before October 18, 2010 had State Auto indicated that it was also contemplating filing suit. Rather, State Auto made repeated representations to PW Shoe that its investigation into PW Shoe's claim was "ongoing," and as late as October 12, 2010, State Auto informed PW Shoe that it was "continuing its investigation surrounding the loss, damages and coverages . . . ." (Doc. 8-12 at 2, 3, 9, 36, 49.)

The second "red flag" has also been raised, because this action seeks a declaratory judgment, thereby suggesting a "race to the courthouse in an attempt to preempt the natural plaintiff from his or her choice of forum." *See Schwendiman Partners, LLC v. Hurt*, 71 F. Supp. 2d 983, 987-88 (D. Neb. 1999); *Anheuser-Busch, Inc.,* 167 F.3d at 419. Conversely, PW Shoe's subsequent lawsuit, filed just a week after the present suit, was for both declaratory judgment and for damages.

Because the Court finds that compelling circumstances exist in this case, the Court will dismiss the present action.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant PW Shoe Lofts, LP's ("PW Shoe") Motion to Dismiss (Doc. 8) is **GRANTED**.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 19th day of July, 2011.